UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,                                    Case No. 11-12228

        Plaintiff,                             Gerald E. Rosen
v.                                               United States District Judge

PREMIER MFG/VOITH INDUSTRIAL                     Michael Hluchaniuk
SERVICES, *et al.*,                              United States Magistrate Judge

        Defendants.
_____/

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS (Dkt. 3) AND
# MOTION TO AMEND COMPLAINT (Dkt. 20)

## I.    PROCEDURAL HISTORY

This matter was removed from state court on May 23, 2011. (Dkt. 1). Plaintiff made claims against defendants identified as Premier Manufacturing/Voith Industrial Services, Cigna Group Insurance, and Travelers Indemnity. (Dkt. 1-2). This matter was referred to the undersigned for all pretrial proceedings by District Judge Gerald E. Rosen. (Dkt. 14). Plaintiff appears to be making claims for wrongful discharge, disability discrimination, short term and long term disability benefits, along with claims under the Family Medical Leave Act and for worker's compensation benefits. *Id.* On May 31, 2011, defendant Voith Industrial Services (f/k/a Premier Manufacturing Support Services, Inc.)

(Voith) filed a motion to dismiss. (Dkt. 3). Plaintiff filed a response on June 17, 2011. (Dkt. 8). Plaintiff has also filed a motion to amend his complaint, apparently in an attempt to correct the errors pointed out in the motion to dismiss. (Dkt. 20). Voith filed a response on August 15, 2011. (Dkt. 30). Plaintiff filed replies on September 2, 2011 and September 22, 2011. (Dkt. 39, 45). These matters are now ready for report and recommendation

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's motion for leave to amend the complaint be **DENIED**, and that plaintiff's complaint be **DISMISSED** in its entirety without prejudice.[1]

## II.   THE PARTIES' SUBMISSIONS

### A.   Motion to Dismiss and Motion for Leave to Amend Complaint

In its motion to dismiss, Voith argues that plaintiff's complaint fails to state a claim on which relief may be granted, given that it fails to satisfy the *Twombly* pleading standard. Voith also argues that plaintiff identifies no facts that support any of his claims, fails to allege that he exhausted his ERISA claims, was not FMLA eligible, and fails to allege facts showing that Voith is an FMLA covered

---

[1] Dismissal on the grounds set forth in this Report and Recommendation and generally without prejudice. *See e.g.*, *Williams v. Wiggins*, 2010 WL 4983665, *4 (M.D. Fla. 2010); *Stallings v. Miller*, 2010 WL 1988186, *2 (D. Colo. 2010); *Kostenko v. Ranavaya*, 2008 WL 691684, *3 (S.D. W.Va. 2008).

employer. (Dkt. 3). In response, plaintiff argues that this Court has no subject matter jurisdiction, or at least no jurisdiction over some claims. Plaintiff also appears to be arguing that he should be allowed to amend his complaint. Much of plaintiff's response is difficult to follow. (Dkt. 8).

In his motion to amend the complaint, plaintiff says his proposed amended complaint now complies with the federal rules of civil procedure. (Dkt. 20). In response, Voith argues that plaintiff's complaint still fails to comply with the federal rules and failed to follow this Court's instructions as set forth in the Order dated July 22, 2011. (Dkt. 19). Voith again asserts that plaintiff's proposed amended complaint fails to allege sufficient facts to satisfy *Twombly* and that it suffers from the same fatal defects as the original complaint. (Dkt. 30). Plaintiff filed a 28 page reply in which he claims that Voith has committed a fraud on the Court, and which largely repeats the same difficult to follow pattern as plaintiff's other submissions. (Dkt. 39). Plaintiff filed a second reply totaling 11 pages on September 22, 2011 entitled: "Part 2 Retaliation." (Dkt. 45).

### III. ANALYSIS AND CONCLUSIONS

#### A. The Court's July 22, 2011 Order (Dkt. 19)

As explained in the July 22, 2011 Order, plaintiff attempted to amend his complaint several times and these efforts were ordered stricken because they were procedurally improper and defective. (Dkt. 19). In that Order, the Court also

explained, in great detail, what plaintiff must do in order to properly amend his complaint:

> 1. The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."
>
> 2. The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also, League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting, *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting, *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function

of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id*., quoting, *Laurence*, 2007 WL 1875794 at *1.

    3.    Rule 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

    4.    Finally, plaintiff must be mindful that Rule 11 applies to any motion to amend and his proposed amended complaint. Failure to heed the Federal Rules of Civil Procedure could result in sanctions, including dismissal of his complaint. In filing his motion to amend and his proposed amended complaint, plaintiff will be representing to the Court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the proposed amended complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims ... and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

> *See e.g. Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) ("Prisoners proceeding IFP are not immune from Rule 11.").

(Dkt. 19). The Court expressly warned plaintiff that failure to follow this Order could result in the dismissal of his complaint. *Id*.

    B.    <u>Dismissal Under Rules 8 and 10</u>

The Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e). Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation. Here, plaintiff's original and amended complaint violates Rule 8(a) and Rule 10(b). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of

the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting, *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint..." *Id.*, quoting, *Indiana Regional Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D. P.R. 2006), aff'd, 506 F.3d 22 (1st Cir. 2007). But the complaint here presents a "dense thicket" of "incomprehensible" assertions. *See e.g.*, *Eisenstein v. Ebsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*, violating Rule 8).

Further, the amended complaint is characterized by what many courts have described as "buzzwords" or "gibberish[.]" *See e.g. Coghlan v. Starkey*, 852 F.2d

806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696, 702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v. Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803 (E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").

  The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*. *See e.g. Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008) ("Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations ... ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g.*, *Lease v. Fishel*, 2009 WL 922486, *2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that plaintiff's original complaint and the proposed amended complaint contain far too much detail, extraneous information, and incomprehensible gibberish. And, "any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Medical Center*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

Generally, where a plaintiff is *pro se*, complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts are reluctant to dismiss on procedural grounds alone. *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010). "As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted." *Id.*, citing, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transportation & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986).

In this case, plaintiff has had the benefit of clear and specific direction from the Court as how to properly amend his complaint and, as Voith points out, plaintiff was essentially given a "roadmap" regarding the facts and allegations necessary to prepare his complaint as set forth in the various motions to dismiss. Plaintiff has chose to ignore all this information and instead, continually plows forward with lengthy, nonsensical, and difficult to understand submissions. Plaintiff has already had the opportunity to amend his complaint and has failed to do so properly. Thus, the undersigned recommends that plaintiff's complaint be dismissed in its entirely, without prejudice. *See* note 1.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's motion for leave to amend the complaint be **DENIED**, and that plaintiff's complaint be **DISMISSED** in its entirety without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: January 6, 2012 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on January 6, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Letitia S. Bryant, Kathryn S. Wood, Brian T. Quinn, and Dennis M. Day, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Earl Diamond, 3115 Dale Avenue, Flint, MI  48506.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov
